UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAREL MACIAS and JOEL BELTRAN ANGULO,

Plaintiffs,

vs.

JOHN F. KERRY, Secretary of Department of State; JANICE JACOBS, Assistant Secretary of State for Consular Affairs; DAVID DONAHUE, Deputy Assistant Secretary of State for Visa Services; IAN BROWNLEE, Consul General of the U.S. Consulate Ciudad Juarez,

Defendants.

CASE NO. 13cv0201-GPC-JMA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

[Dkt. No. 6]

Plaintiffs Marel Macias and Joel Beltran Angulo ("Plaintiffs") filed the instant action against various governmental defendants ("Defendants") seeking review of the government's determination that Joel Beltran Angulo is inadmissible into the United States under section Section 212(a)(3)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(C). Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim. For the reasons below, the Court hereby **DENIES** Defendants' motion to dismiss.

**BACKGROUND**[1]

Plaintiff Marel Macias ("Macias"), a United States citizen residing in California, is married to Plaintiff Joel Beltran Angulo ("Angulo"), a Mexican citizen residing in Mexico. On January 13, 2011, Macias filed a Petition to Immigrate Alien Relative (also known as Form I-130) to immigrate her husband Angulo to the United States. The petition was approved sometime in October 2011. On September 4, 2012, Angulo attended his immigrant visa interview at the U.S. Consulate in Ciudad Juarez, Mexico. In October 2012, the consular officer denied Plaintiff Angulo's immigrant visa application finding he was inadmissible under 8 U.S.C. § 1182(a)(2)(C).

Plaintiffs allege the consular officer did not provide any reason or evidence for his reason to believe Plaintiff Angulo is or has been a drug trafficker as required under the statute. Plaintiffs further allege Angulo has no previous conviction and/or arrests for drug trafficking. Plaintiffs state that although Angulos' E-2 visa and border crossing card was cancelled in December 2010 "due to violation of the terms of admission," they were cancelled without prejudice. Plaintiffs assert the government did not provide information to show Angulo was involved with drug trafficking, and there is no reasonable basis to believe Angulo is or has been a drug trafficker.

Plaintiffs allege the consular officer acted in bad faith because he did not provide a bona fide reason to deny Angulos' immigrant visa application. Plaintiffs further allege the government's denial of Angulo's visa application has violated Macias' constitutional right to her marriage and choices regarding her family life. Plaintiffs allege the government's actions have caused them irreparable harm, and request the Court order the U.S. Consulate approve Angulo's immigrant visa application.

---

[1] Unless otherwise noted, all facts are taken from Plaintiffs' complaint. (Dkt. No. 1, "Complaint.")

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Twombly, 550 at 545. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562.

## DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction, asserting the consular doctrine of nonreviewability restricts judicial review, and failure to state a claim with sufficient particularity. (Dkt. No. 6, "Def. Mtn.") Plaintiffs counter, arguing Ninth Circuit precedent authorizes this Court to review Plaintiffs'

claim and Plaintiffs have sufficiently alleged that the consular officer did not have a facially legitimate or bona fide reason to deny Angulo's visa. (Dkt. No. 7, "Pl. Response.")

**1. Doctrine of Consular Nonreviewability**

The Court first addresses whether the doctrine of consular nonreviewability prevents judicial review of Plaintiffs' claim. The doctrine of consular nonreviewability begins with the premise that an alien has "no constitutional right of entry" to the United States. Kleindienst v. Mandel, 408 U.S. 753, 762 (1972). The Supreme Court "without exception has sustained Congress' 'plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden.' " Id. at 766 (quoting Boutilier v. INS, 387 U.S. 118, 123 (1967)). Accordingly, "[f]ederal courts are generally without power to review the actions of consular officials." Rivas v. Napolitano, 677 F.3d 849, 850 (9th Cir. 2012) (citing Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir. 1986)). However, a limited exception exists when the denial of a visa implicates the constitutional rights of a U.S. citizen. Under these circumstances, courts exercise "a highly constrained review solely to determine whether the consular official acted on the basis of a facially legitimate and bona fide reason." Bustamante v. Mukasey, 531 F.3d 1059, 1062 (9th Cir. 2008); *See also* Mandel, 408 U.S. at 770 (As long as the reason given is facially legitimate and bona fide the decision will not be disturbed). Upon offering a facially legitimate and bona fide reason for the denial, "courts have no authority or jurisdiction to go behind the facial reason to determine whether it is accurate." Chiang v. Skeirik, 582 F.3d 238, 243 (1st Cir. 2009).

**A. Plaintiff has a Protected Liberty Interest Authorizing Judicial Review**

The Ninth Circuit recently reaffirmed that "a citizen has a protected liberty interest in marriage that entitles the citizen to review of the denial of a spouse's

visa." Din v. Kerry, 10-16772, 2013 WL 2249289 (9th Cir. May 23, 2013)(citing Bustamante, 531 F.3d at 1062). Here, Plaintiff Macias, a U.S. citizen, alleges the denial of her husband's visa violates her constitutional right to marriage and choices regarding her family life. (Complaint at ¶ 12.)

The Court concludes Plaintiff Macias has sufficiently alleged the visa denial implicated her constitutional rights. See Bustamante, 531 F.3d 1059, 1062 ("Freedom of personal choice in matters of marriage and family life is, of course, one of the liberties protected by the Due Process Clause") (citing Cleveland Board of Education v. LaFleur, 414 U.S. 632, 639-340 (1974); Israel v. INS, 785 F.2d 738, 742 n. 8 (9th Cir. 1986)). In so finding, the Court rejects Defendants' attempt to dissuade this Court from applying Bustamante's holding that a citizen has a protected liberty interest in marriage.[2] Accordingly, Plaintiff Macias may be afforded limited judicial review of her husband's visa denial.[3] The Court next turns to whether Plaintiffs have sufficiently alleged the government failed to offer a facially legitimate and bona fide reason for denying Angulo's visa.

**B. Facially Legitimate Reason**

For the reasons stated below, the Court concludes Plaintiffs have sufficiently alleged the government has not provided a facially legitimate reason for the visa denial.

In the complaint, Plaintiffs allege the consular officer denied Angulo's visa, finding he was inadmissible under 8 U.S.C. § 1182(a)(2)(c). (Id. at ¶ 7.) An alien under this statute is inadmissible when:

---

[2] The Ninth Circuit also recently affirmed Bustamante's holding and rejected similar arguments from the government. Din, 2013 WL 2249289 at *3, n. 1 (Noting the government's contention that Bustamante is not good law is meritless).

[3] The Court notes that Plaintiff Angulo, a Mexican citizen, has no right to judicial review of his visa denial. As Defendants do not contest Angulo's standing as a plaintiff, the Court declines to address the issue at this time.

> [T]he consular officer or the Attorney General knows or has reason to believe [any alien]–
> (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; or
> (ii) is the spouse, son, or daughter of an alien inadmissible under clause (i), has, within the previous 5 years, obtained any financial or other benefit from the illicit activity of that alien, and knew or reasonably should have known that the financial or other benefit was the product of such illicit activity [sic].
>
> 8 U.S.C.A. § 1182(a)(2)(C)(West)

The consular officer did not offer any reason or explanation for his reason to believe Angulo was an illicit trafficker. (Complaint at ¶ 10.)

Although neither party cites Din v. Kerry, the recent Ninth Circuit decision is particularly instructive in determining whether the government has offered a facially legitimate reason. In Din, the Ninth Circuit reversed the district court's order granting the government's motion to dismiss on the grounds that the doctrine of nonreviewability barred adjudication of Plaintiff's claims. Din, 2013 WL 2249289 at *2. The facts of this case are worth disclosing in part. In 2006, Plaintiff Din filed a visa petition on behalf of her husband, Berashk, an Afghan citizen. Id. at *1. Following approval, Berashk had an interview with a U.S. consular officer and nine months later his visa was denied under Section 212(a) of the INA, 8 U.S.C. § 1182(a). Id. Upon further inquiry, the Embassy provided that the visa had been denied under INA § 212(a)(3)(B), 8 U.S.C. § 1182(a)(3)(B), a section of the INA that lists a wide variety of conduct that renders an alien inadmissible due to terrorist activities. Id. The Embassy refrained from offering a detailed explanation of the reasons for denying Berashk's visa, citing additional INA provisions. Id.

Upon review, the Ninth Circuit conducted the limited inquiry as to whether "the Government's citation to a broad section of the INA that contains numerous categories of proscribed conduct, without any assurance as to what the consular

officer believes the alien has done, is [sic] a facially legitimate reason." Id. at *4. After careful consideration of the factual allegations and relevant case law, the Appellate Court concluded that citation to a statute alone does not constitute a facially legitimate reason. Id. Because the government had not offered a facially legitimate reason, the Court found Plaintiff's claims for writ of mandamus and declaratory judgment under the Administrative Procedure Act survived dismissal. Id. at 11.

Defendants argue they have provided Plaintiffs with a facially legitimate justification by providing the statutory basis for the visa denial, and therefore Plaintiffs have failed to state a claim. (Def. Mtn. at 21.) Plaintiffs respond that they have sufficiently stated their claim. (Pl. Response at 3.) In the complaint, Plaintiffs specifically allege "[t]he consular officer and the Department of State did not provide any reason or evidence for his 'reason to believe' [Angulo] is or has been a drug trafficker." (Complaint at ¶ 10.) As held in Din, failure to offer a reason beyond mere citation of the statute does not constitute a facially legitimate reason.

While the facts of this case are distinguishable from Din, the differences do not affect the Court's final conclusion. In Din, the plaintiff contested the government's bare recitation to a broad section of the INA regarding inadmissibility for terrorist-related activity. Here, Plaintiffs contest inadmissibility on the much narrower statute related to drug trafficking activity. Arguably, citation to a narrow statute could constitute a facially legitimate reason. The Court rejects this argument for three primary reasons. First, the Appellate Court in Din reaffirmed the holding in Bustamante. As in this case, Bustamante addressed the denial of a visa pursuant Section 1182(a)(2)(c) and the Ninth Circuit relied upon facts, beyond the citation to the statute, which the government offered to the applicant when denying the visa. Bustamante, 531 F.3d 1059, 1061. Second, the Court is supported by the rationale articulated in Din. In concluding citation to the INA statute without assertion of any

facts was insufficient, the Appellate Court observed "[l]imited as our review may be, it cannot be that Din's constitutional right to review is a right only to a rubber-stamp on the Government's vague and conclusory assertion of inadmissibility." Din, 2013 WL 2249289 at *6 (citing Cf. United States v. Degeorge, 380 F.3d, 1203, 1215 (9th Cir. 2004). Similarly, the Court refrains from merely rubber-stamping the government's citation to a provision of the INA. Moreover, upon review of Section 1182(a)(2)(c), the Court concludes that although not as vast or complex as other INA provisions, this statute cites several potential reasons related to illicit trafficking that the consular officer knew or had reason to know to deny the visa. As such, the same rationale as in Din applies in the case. For these reasons, and taking the factual allegations of the complaint as true, the Court concludes Plaintiffs have sufficiently alleged the government did not have a facially legitimate reason to refuse Angulo's visa.

**C. Bona Fide Reason**

The Court next considers whether Plaintiffs have sufficiently stated that the government has offered a bona fide reason for the visa denial. To prevail on this prong, the government must "allege that the consular official did not in good faith believe the information he had." Bustamante, 531 F.3d at 1062-1063. Although the bona fide inquiry was not directly addressed in Din, the Appellate Court noted that "it is unlikely that the 'facially legitimate' requirement should be interpreted to allow the Government to withhold information and make an inquiry into the 'bona fide' requirement 'impossible.'" Din, 2013 WL 2249289 at * 9.

Defendants argue Plaintiffs' allegation of bad faith is insufficient, and must be more than a bald allegation to withstand dismissal. (Def. Mtn. at 21.) Plaintiffs respond the government has not offered a bona fide reason for the visa denial as shown by their failure to deny Angulo has not been arrested or convicted for drug trafficking. (Pl. Response at 3.)

The Court concludes Plaintiffs have sufficiently alleged the government has not provided a bona fide reason for the visa denial. Plaintiffs allege "the consular officer acted in bad faith because he did not have a bona fide reason to deny [Angulo's] immigrant visa application." (Complaint at ¶ 11.) Plaintiffs also allege Angulo "has no previous conviction and/or arrests for drug trafficking," and the denial of his E-2 visa and border crossing card did not pertain to any "allegations that he was involved with drug trafficking." (Id. at ¶¶ 8-9.) Although the government need not respond to all allegations prior to filing its responsive pleading, Plaintiffs have no other information to show the government acted in bad faith. Unlike the plaintiff in Bustamante, there are no factual allegations that the government relied upon evidence from other government sources to make the determination or consulted with the applicant about becoming a government informant to counter drug trafficking. Bustamante, 531 F.3d 1059, 1061. Under the facts of this case, the Court is not prepared to make the bona fide inquiry an impossible hurdle for the plaintiffs to state a claim. Although the burden is on the plaintiff to make a well-supported allegation of bad faith, without any "facially legitimate" reason it is nearly impossible for Macias to plead facts that would meet the pleading requirement under Iqbal. Following the Ninth Circuit's guidance that this standard should not be "impossible," the Court concludes that Plaintiffs have sufficiently stated that the government has not provided a bona fide reason for denying Angulo's visa.

For the above stated reasons, Plaintiffs have sufficiently stated a claim that Defendants have not provided a facially legitimate and bona fide reason for denying Angulo's visa. As such, the doctrine of consular nonreviewability does not prevent

judicial review of Plaintiffs' claim, and Plaintiffs' claim withstands the motion to dismiss.[4]

**2. Request to Substitute Defendant Hillary Rodham Clinton**

Defendants request to substitute Secretary of State John F. Kerry with former Secretary of State Hillary Rodham Clinton with pursuant to Fed. R. Civ. P. 25(d). Having reviewed the request, and finding good cause therefor, the Court hereby **GRANTS** the Defendants' request. The Clerk of Court is hereby **ORDERED** to **SUBSTITUTE** Secretary of State John F. Kerry as a Defendant for the former Secretary of State Hillary Rodham Clinton.

**3. Request to Dismiss Defendants Clinton, Jacobs, and Donahue**

Defendants argue the following defendants have been improperly named and therefore should be dismissed: Defendants Hillary Rodham Clinton, former U.S. Secretary of State; Janice Jacobs, Assistant Secretary of State for Consular Affairs; and David Donahue, Deputy Assistant Secretary of State for Visa Services. (Def. Mtn. At 22.) Plaintiffs oppose dismissal of the Secretary of State as this Court may at a later time require the Secretary to issue declaratory relief. (Pl. Mtn. At 3.)

The Court at this time declines to dismiss any of the defendants. Defendants cite to Patel v. Reno, 134 F. 3d 929, 933 (9th Cir. 1997), for the proposition that summary judgment was properly granted against the Secretary of State and other officials without power to issue a visa. In Patel, however, this district court made its determination at the summary judgment stage, and only as to whether a writ of mandamus was a proper remedy that the Defendants had the authority to provide. The Court declines to dismiss the Defendants at this stage of the litigation.

---

[4] In so finding, the Court declines to address Defendants' arguments regarding jurisdiction under the Administrative Procedure Act or whether mandamus relief also provides jurisdictional authority.

## CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** the Defendants' motion to dismiss and **VACATES** the hearing set for **Friday, July 19, 2013.**

**IT IS SO ORDERED.**

DATED: July 18, 2013

HON. GONZALO P. CURIEL
United States District Judge