# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREL MACIAS and JOEL BELTRAN ANGULO,<br><br>    Plaintiffs,<br><br>  vs.<br><br>JOHN F. KERRY, Secretary of the Department of State; JANICE JACOBS, Assistant Secretary of State for Consular Affairs; DAVID DONAHUE, Deputy Assistant Secretary of State for Visa Services; IAN BROWNLEE, Consul General of the U.S. Consulate Ciudad Juarez,<br><br>    Defendants. | Case No. 13cv0201-GPC-JMA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>[Dkt. No. 11.] |

Pending before the Court is Defendants John F. Kerry, Janice Jacobs, David Donahue, and Ian Brownlee's (collectively, "Defendants") Motion for Reconsideration ("Motion for Reconsideration"). (Dkt. No. 11.) Defendants seek reconsideration of the Court's July 18, 2013, Order ("July 18th Order"), (Dkt. No. 9), which denied Defendants' April 2, 2013, Motion to Dismiss ("Motion to Dismiss"), (Dkt. No. 6). The Motion for Reconsideration has been fully briefed. (Dkt. Nos. 16, 20.)

Pursuant to Civil Local Rule 7.1(d)(1), the Court has found this matter suitable for adjudication without oral argument. (Dkt. No. 21.) Having reviewed the parties' briefs and relevant legal authority, the Court **DENIES** Defendants' Motion for Reconsideration.

# BACKGROUND

On January 13, 2011, Plaintiff Marel Macias ("Plaintiff Macias"), a citizen and resident of the United States, filed a petition to immigrate her husband, Plaintiff Joel Beltran Angulo ("Plaintiff Angulo"), a citizen and resident of Mexico, to the United States. (Dkt. No. 1 at 2, ¶ 5.)[1] Plaintiff Angulo's immigrant visa application ("Application") was denied pursuant to 8 U.S.C. § 1182(a)(2)(C) in or around October 2012. (Dkt. No. 1 at 2, ¶ 7.)

On January 25, 2013, Plaintiff Macias and Plaintiff Angulo (collectively, "Plaintiffs") filed the instant action seeking judicial review of the denial of Plaintiff Angulo's Application ("Complaint"). (Dkt. No. 1.) On April 2, 2013, Defendants moved to dismiss the Complaint on the ground that Plaintiffs failed to state a claim because the reason Plaintiff Angulo's Application was denied was both facially legitimate and bona fide. (Dkt. No 6 at 8.) The Court denied Defendants' Motion to Dismiss on July 18, 2013. (Dkt. No. 9.)

By the present motion, filed on August 7, 2013, Defendants move the Court to reconsider the July 18th Order and dismiss Plaintiffs' Complaint. (Dkt. No. 11 at 6.) Plaintiffs filed a response in opposition to Defendants' Motion for Reconsideration on September 29, 2013, (Dkt. No. 16), and Defendants filed a reply on October 24, 2013, (Dkt. No. 20).

# LEGAL STANDARDS

## A. Motion for Reconsideration

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant or deny a motion for

---

[1] All references to the docket are to the CM/ECF assigned page numbers.

1  reconsideration is within the sound discretion of the court. Navajo Nation v. Norris,
2  331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop,
3  229 F.3d 887, 883 (9th Cir. 2000)). Although the court may reconsider and amend a
4  previous order under Fed. R. Civ. P. 59(e), "the rule offers an 'extraordinary
5  remedy, to be used sparingly in the interests of finality and conservation of judicial
6  resources.'" Kona, 229 F.3d at 890 (quoting 12 James W. Moore et al., Moore's
7  Federal Practice § 59.30[4] (3d ed. 2000)).

8  **B.    Motion to Dismiss**

9  As stated in the July 18th Order, a motion to dismiss brought under Fed. R.
10 Civ. P. 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d
11 729, 732 (9th Cir. 2001). "[F]or a complaint to survive a motion to dismiss, the non-
12 conclusory 'factual content,' and reasonable inferences from that content, must be
13 plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret
14 Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662,
15 678 (2009)). The court must assume the truth of all factual allegations and construe
16 all inferences from them in the light most favorable to the nonmoving party.
17 Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

18                          **DISCUSSION**

19 To warrant reconsideration, Defendants must demonstrate the July 18th
20 Order: (1) showed clear error of law; (2) was manifestly unjust; or (3) warrants
21 reconsideration as a result of newly discovered facts or an intervening change in
22 controlling law. School Dist. No. 1J, 5 F.3d at 1263. Defendants make no showing
23 of new facts or law or that the July 18th Order was manifestly unjust. See id.
24 Defendants argue the Court committed clear error because the July 18th Order is
25 "not in accord" with the Ninth Circuit's holdings in Din v. Kerry, 718 F.3d 856 (9th
26 Cir. 2013), and Bustamante v. Mukasey, 531 F.3d 1059 (9th Cir. 2008). (Dkt. No.
27 11 at 7-8.)
28 Specifically, Defendants argue: (1) according to Din, "a consular officer's

1  citation to 8 U.S.C. § 1182(a)(2)(C) constitutes, on its own, a facially legitimate
2  reason to deny an [immigrant visa] application," (Dkt. No. 11 at 7) (citing Din, 718
3  F.3d at 862-63); and (2) "Plaintiffs have not produced evidence to establish that the
4  consular decision was made in bad faith" and therefore was not bona fide, (Dkt. No.
5  11 at 8). As a result, Defendants request that the Court reconsider its July 18th
6  Order and grant Defendants' initial Motion to Dismiss. (Dkt. No. 11 at 6.)

7  **A.     Motion to Dismiss**

8        Defendants' initial Motion to Dismiss argued Plaintiffs failed to sufficiently
9  state a claim upon which relief may be granted because the government's reason for
10 denying Plaintiff Angulo's Application was both "facially legitimate" and "bona
11 fide." (Dkt. No 6 at 8.) Specifically, Defendants argued: (1) the government
12 provided Plaintiff Angulo with a facially legitimate justification for the denial of his
13 Application by "providing Mr. Angulo the statutory basis for the denial of his visa;"
14 and (2) Plaintiffs' allegation that the government acted in bad faith, without further
15 elaboration, does not withstand the bona fide inquiry pleading requirement. (Dkt.
16 No. 6 at 21-22.)

17       To survive a motion to dismiss, plaintiffs seeking judicial review of an
18 immigrant visa application denial must sufficiently allege the government's reason
19 for the denial was: (1) not facially legitimate; and (2) not bona fide. See Din, 718
20 F.3d at 860. Taking the factual allegations in Plaintiffs' Complaint as true and
21 construing them in the light most favorable to the Plaintiffs, the Court held
22 Plaintiffs' Complaint satisfied both criteria. The Court reasoned that: (1) a citation
23 to 8 U.S.C. § 1182(a)(2)(C) without any assertion of facts is not a facially legitimate
24 reason for denying an immigrant visa application, (Dkt. No. 9 at 7-8) (citing Din,
25 718 F.3d 863-64); and (2) without a facially legitimate reason for the denial of
26 Plaintiff Angulo's Application it is nearly impossible for the Plaintiffs to satisfy the
27 bona fide inquiry pleading requirement, (Dkt. No. 9 at 9). Based on the facts alleged
28 in Plaintiffs' Complaint, the Court declined to make the "bona fide" inquiry

requirement an impossible hurdle for the Plaintiffs. (Dkt. No. 9 at 9.) Accordingly, the Court denied Defendants' Motion to Dismiss.

**B.     Motion for Reconsideration**

As stated above, Defendants seek reconsideration of their Motion to Dismiss on the ground that the Court's July 18th Order constitutes clear error for two reasons. First, Defendants argue, pursuant to Din, the government's reason for denying Plaintiff Angulo's Application was facially legitimate because "a consular officer's citation to 8 U.S.C. § 1182(a)(2)(C) constitutes, on its own, a facially legitimate reason to deny an [immigrant visa] application." (Dkt. No. 11 at 7) (citing Din, 718 F.3d at 861-62). Second, Defendants argue the consular officer's reason for denying Plaintiff Angulo's Application was bona fide because "Plaintiffs have not produced evidence to establish that the consular decision was made in bad faith." (Dkt. No. 11 at 8.) For the reasons below, the Court **DENIES** Defendants' Motion for Reconsideration.

**1.     Facially Legitimate Reason**

Defendants argue the July 18th Order constitutes clear error because it is "not in accord" with the Ninth Circuit's holding in Din that "a consular officer's citation to 8 U.S.C. § 1182(a)(2)(C) constitutes, on its own, a facially legitimate reason to deny an [immigrant visa] application." (Dkt. No. 11 at 3) (citing Din, 718 F.3d at 861-62). The Court disagrees. The court in Din nowhere concluded a citation to 8 U.S.C. § 1182(a)(2)(C), alone, constitutes a facially legitimate reason for denying an immigrant visa application. Instead, the court held "the identification of *both* a properly construed statute that provides a ground of exclusion *and* the consular officer's assurance that he or she 'knows or has reason to believe' that the visa applicant has done something fitting within the proscribed category constitutes a facially legitimate reason." Din, 718 F.3d at 861 (citing Am. Acad. of Religion v. Napolitano, 573 F.3d 115, 126 (2d Cir. 2009)) (emphasis added). A statute is "properly construed" when the reviewing court can determine from the facts

1 provided to the plaintiff which part of the statute was construed by the government,
2 as well as how it was construed. Id. at 863. Therefore, in contrast to Defendants'
3 interpretation, the court in Din did not hold that a citation to 8 U.S.C. §
4 1182(a)(2)(C), alone, constitutes a facially legitimate reason, but that a citation to a
5 statute that contains multiple grounds of inadmissibility,[2] without some factual
6 allegation demonstrating how the government construed a specific part of the
7 statute, is not a facially legitimate reason for denying an immigrant visa application.

8       Defendants further argue that the Ninth Circuit's holding in Bustamante,
9 upheld by Din, requires reconsideration of the Court's July 18th Order. (Dkt. No. 11
10 at 7.) The Court again disagrees. Although the present case involves an immigrant
11 visa application denial pursuant to the same statute at issue in Bustamante, the
12 consular officer in Bustamante did not cite to 8 U.S.C. § 1182(a)(2)(C) as the sole
13 reason for denying Jose Bustamante's immigrant visa application. 531 F.3d at 1060.
14 Instead, the consular officer denied the application because he "had reason to
15 believe that Jose was trafficking in illegal drugs," and he provided Jose Bustamante
16 with three specific factual allegations in support of his decision.[3] Id. at 1060-61.

---

[2] 8 U.S.C. § 1182(a)(2)(C) contains multiple grounds for denying an immigrant visa application. The statute provides that any alien is inadmissible when:

> [T]he consular officer or the Attorney General knows or has reason to believe [the alien] - (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; or (ii) is the spouse, son, or daughter of an alien inadmissible under clause (i), has, within the previous 5 years, obtained any financial or other benefit from the illicit activity of that alien, and knew or reasonably should have known that the financial or other benefit was the product of such illicit activity.

8 U.S.C. § 1182(a)(2)(C).

[3] In support of the consulate's decision, Jose Bustamante was: (1) informed there was evidence in support of his immigrant visa application denial, but that the evidence was secret; (2) referred to a letter written by the Resident-in-Charge of the local Drug Enforcement Administration Office that contained derogatory information in support of the denial; and (3) asked to become an informant in exchange for immigration

1  Notably, the "illicit traffick[ing] in any controlled substance" is a specific ground of
2  inadmissibility under 8 U.S.C. § 1182(a)(2)(C). Therefore, when the Din court
3  referred to the "much narrower ground of inadmissibility at issue in Bustamante" as
4  a facially legitimate reason for denying an immigrant visa application, (Dkt No. 11
5  at 7) (citing Din, 718 F.3d at 862), the court was not referring to a citation to 8
6  U.S.C. § 1182(a)(2)(C), alone, but to the consular officer's belief that Jose
7  Bustamante had violated a specific part of 8 U.S.C. § 1182(a)(2)(C) and the three
8  specific factual allegations the consular officer provided in support of his decision
9  to deny the application.

10  Accordingly, the Court finds no reason to revise the July 18th Order. Taking
11  the factual allegations in Plaintiffs' Complaint as true and construing them in the
12  light most favorable to the Plaintiffs, Plaintiffs sufficiently alleged that in denying
13  Plaintiff Angulo's Application, Defendants provided Plaintiffs with a citation to
14  8 U.S.C. § 1182(a)(2)(C) without any additional information.[4] (Dkt. No. 1 at 2, ¶¶ 7,
15  10.) As discussed above, a citation to 8 U.S.C. § 1182(a)(2)(C), alone, is not a

---

benefits, which reflects the consulate officer's sincere belief that Jose Bustamante had access to valuable information regarding drug trafficking. Bustamante, 531 F.3d at 1060-61.

[4] The Court notes that although it could be inferred from Paragraph 10 of Plaintiffs' Complaint that Plaintiffs were told the consular officer had "'reason to believe' Plaintiff [Angulo] is or has been a drug trafficker," this inference does not justify the reconsideration of Defendants' Motion to Dismiss. In Bustamante, Jose Bustamante was not only told his visa application was denied because the consular officer had reason to believe he was "trafficking in illegal drugs," he was informed the consular officer had a reason for his belief but that the reason was secret, he was referred to a derogatory letter written by the Agent-in-Charge of the local Drug Enforcement Administration, and he was asked to become an informant. 531 F.3d at 1060-61. These facts legitimized the denial of Jose Bustamante's visa application on the basis that the consular officer believed he was trafficking in illegal drugs. See Din, 718 F.3d at 862 ("The statute gave the reason legitimacy, but the statute standing alone was not the reason."). However, in the present case, no similar factual allegations were offered to Plaintiffs in support of the denial of Plaintiff Angulo's Application on a similar ground. Therefore, any inference that can be drawn from Paragraph 10 of the Complaint does not constitute a facially legitimate reason for denying Plaintiff Angulo's Application because the inference is not supported by any factual allegations similar to those provided to Jose Bustamante in Bustamante.

facially legitimate reason for denying an immigrant visa application. As a result, the Court again finds that Plaintiffs' Complaint sufficiently alleges the lack of a facially legitimate reason for the denial of Plaintiff Angulo's Application to survive Defendants' Motion to Dismiss.

### 2.     Bona Fide Reason

In addition, Defendants argue the July 18th Order constitutes clear error because Plaintiffs failed to "produce evidence [establishing] that the consular decision was made in bad faith" and therefore was not bona fide. (Dkt. No. 11 at 8.) The Court is not moved by Defendants' argument. For the reasons stated in the July 18th Order, the Court again finds Plaintiffs sufficiently alleged Defendants failed to provide a bona fide reason for the denial of Plaintiff Angulo's Application.

As discussed in the July 18th Order, without a facially legitimate reason for the denial of Plaintiff Angulo's Application, it is nearly impossible for Plaintiffs to satisfy the bona fide inquiry pleading requirement. (Dkt. No. 9 at 8-9) (citing Din, 718 F.3d at 867). Because the Court again finds Plaintiffs' Complaint sufficiently alleged Defendants did not present a facially legitimate reason for the denial of Plaintiff Angulo's Application, the Court is not prepared to make the bona fide inquiry pleading requirement an impossible hurdle for the Plaintiffs at this stage in the litigation.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants failed to demonstrate the Court committed clear error in its July 18th Order. Accordingly, the Court **DENIES** Defendants' Motion for Reconsideration.

**IT IS SO ORDERED.**

DATED:  February 18, 2014

HON. GONZALO P. CURIEL
United States District Judge